CARRIE E. DABELSTEIN, Appellant, v. PAUL H. DABELSTEIN, Appellee.

**DIVORCE:** **Cruelty—Coarse and Vulgar Conduct.** Evidence of coarse and vulgar conduct toward a wife reviewed, and held to establish her right to a decree, notwithstanding a holding of the trial court to the contrary.

*Appeal from Monona District Court.*—WILLIAM HUTCHINSON, Judge.

JUNE 25, 1921.

ACTION for divorce. There was a decree for the defendant below. Plaintiff appeals.—*Reversed.*

*Prichard & Prichard,* for appellant.

*C. E. Cooper* and *Lutz, Bennett & Lutz,* for appellee.

PRESTON, J.—The charge is cruelty such as to endanger life. Defendant is about 68 years of age, weighs 225 pounds, and he says he is in perfect health, without an ache or a pain. Plaintiff is 51 years of age, and she testifies that her health is broken, and that she is nervous. She was never married before. The parties lived together about 25 years as husband and wife. They seemed to get along better until 2 or 3 years ago. Five children have been born, two of whom are living, a daughter, a

young lady of 24, and a son just coming into manhood. They had no means when they were married, to speak of; she had a few hundred dollars. They have no property to speak of except the homestead, which is incumbered for about $1,500. It was valued at $2,800, when some land they had was traded for this property and another of the same valuation. At first, the homestead was in his name, but recently he deeded it to her. It has been improved somewhat since it was acquired. Plaintiff claims that the larger part of the property was paid for with her money, and that in the trade defendant received the larger part of the proceeds of the other property. He ran a shoe business and pool hall. He became financially embarrassed after the marriage. A short time before the suit was brought, plaintiff inherited an interest in an estate, but as yet has not come into possession of it. Appellee argues that this and the fact that he refused to sign a deed to the homestead are the principal reasons for this suit.

The evidence tends to show, and we understand it to be conceded, that defendant is, in his temperament and habits, inclined to be coarse. The daughter is, or has been, a school teacher, and it is appellee's contention that she is inclined to consider herself above her father. She sides with the mother. The son, though testifying for the mother, seems to be trying to be neutral between them. She testifies:

"He is a German and I am an American. During the last two years, I could scarcely live with him. He has cursed me time and time again; has ordered me out of the house, and threatened to strike me; often called me a 'son-of-a-bitch,' a 'bitch,' and an 'old heifer;' had done this often. If anything went wrong, I caught it. He abused the children for years; struck my daughter and knocked her down into a chair; choked the boy until I had to interfere; has threatened time and again to drive the children out of the house. He would call our daughter and son the same names he called me. His treatment has caused me to become nervous. I am subject to blood pressure, and have hemorrhages every time I have one of those nervous spells. I cannot longer live with my husband without endangering my life. My doctor tells me I must quit having these excitable times. My husband has provided nothing for me per-

sonally for years, and he objects to furnishing provisions. The children have been providing provisions for the home ever since they have worked out. My daughter has furnished me with my clothes ever since she went to work. The two children have furnished the fuel for the house, and defendant took part of it down to burn at the pool hall. My son has supported himself since he was 13 years old. Since coming to Mapleton, I have been working as a milliner, and the money I have made has gone into the family. I am sick at the present time. I am under the doctor's care all the time; blood pressure and hemorrhages during the last two weeks. I have been so afflicted for the last 4 years. I had good health until I moved to the farm. We moved away from the farm 5 years ago. I weigh 234 pounds. For 15 years I weighed over 250 pounds. I think the value of the house is $4,500, and there is a lien as stated.''

She says that she was told that the amount she would get out of her inheritance would be over $2,000, but she has no idea how much she will get. Such is the substance of her testimony, without going into the details. One of defendant's attorneys testifies that, after investigating the estate, he finds that her share will be more than she says.

The daughter, at present employed as a bookkeeper, gave similar testimony, and said further that defendant called her mother the names before quoted almost every day, any time his temper would get away from him; that her mother would have a nervous breakdown after these cursings; and that her health has been very poor.

The son testifies substantially the same, and that his father has three tables in his pool hall, and has shoemaker tools; that he is living with his mother.

Much of plaintiff's testimony is denied by defendant. He denies that he ever called her the names before quoted; says they both quarreled over minor matters, such as the high cost of living and so on; says that he never threatened her; admits he has told her, ''If you wasn't a damn fool, you would try to save money;'' says she called him names, which is denied by the children. He says she told him he was too stingy to support the family, air-tight, a Hun, and so on.

We quite agree with the trial court, and with counsel for

appellee, that divorces should not be granted upon trivial grounds, and that the trial court, having seen the witnesses, has an advantage which we do not have. It is true, the evidence does not show that defendant has been guilty of physical violence, striking, and the like; but this is not necessary, nor is it necessary that she should be actually deprived of her life, before she is entitled to relief. If her life is endangered, it is sufficient. The treatment accorded plaintiff by the defendant was likely to produce a nervous breakdown, and the evidence, which we do not understand defendant to contradict, shows that her health has been affected. We have numerous cases holding that this is sufficient. There are three witnesses to one. This alone is not the test, of course, but none of the witnesses testifying for plaintiff are more deeply interested than is defendant, and they appear to be equally credible. We are of opinion that plaintiff has established her right to a divorce by the greater weight of the testimony.

Appellee contends that he is being turned out of his home. He asks that the deed executed to his wife for the homestead be set aside. This was denied by the trial judge, who simply dismissed plaintiff's petition; and defendant has not appealed. We are of opinion, and so hold, that plaintiff is entitled to a divorce, and that, as between the plaintiff and defendant, and so far as we are able to control the matter, the homestead having been deeded to her, she should pay the incumbrance thereon. The cause is reversed and remanded for a decree in harmony with this opinion; or plaintiff may, at her election, have a decree in this court, upon notice to defendant thereof.—*Reversed.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.